JOSEPH A. WELCH, ESQ. – SBN 119312
**LAW OFFICES OF JOSEPH A. WELCH**
828 University Avenue
Sacramento, California 95825
Telephone: (916) 444-5501
Facsimile: (916) 920-5505
E-mail: joewelchlaw@yahoo.com

Attorney for Plaintiffs, VIRGINIA JOHANSEN, KURT NYLANDER, KRISTINE BROTT

UNITED STATES DISTRICT COURT

NORTH DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRGINIA JOHANSEN, KURT NYLANDER, KRISTINE BROTT,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF NAPA, GREGG LEE, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force (42 U.S.C. §1983)<br>2. Substantive Due Process (42 U.S.C. §1983)<br>3. Municipal Liability – Ratification (42 U.S.C. §1983)<br>4. Municipal Liability – Failure to Train (42 U.S.C. §1983)<br>5. Municipal Liability – Unconstitutional Custom or Policy<br>6. Battery<br>7. Negligence<br>8. Bane Act (Cal. Civil Code §52.1)<br><br>DEMAND FOR JURY TRIAL |

    Comes now Plaintiffs VIRGINIA JOHANSEN, KURT NYLANDER, KRISTINE BROTT for their complaint against Defendants COUNTY OF NAPA, GREGG LEE, and DOES 1 - 10, inclusive, hereby allege as follows:

    1.    At all relevant times, Brandan Nylander, deceased ("DECEDENT"), was an individual residing in the County of Napa, California.

    2.    Plaintiff Virginia Johansen ("JOHANSEN") is the maternal grandmother of DECEDENT. At all relevant times, Plaintiff JOHANSEN resided and currently resides in the County of Stanislaus, California. Plaintiff JOHANSEN sues in her individual capacity for her

own damages and for survival damages in her capacity as successor in interest to her grandson, DECEDENT. Plaintiff JOHANSEN seeks wrongful death damages and survival damages under federal and state law.

3.      Plaintiff Kurt Nylander ("NYLANDER") is the maternal uncle of DECEDENT. Plaintiff NYLANDER resides in the County of Napa, California. Plaintiff NYLANDER sues in his individual capacity as the uncle of DECEDENT. In his individual capacity in this suit, Plaintiff NYLANDER seeks wrongful death damages under federal and state law.

4.      Plaintiff Kristine Brott ("BROTT") is the maternal aunt of the DECEDENT. Plaintiff BROTT resides in the County of Placer, California. Plaintiff BROTT sues in her individual capacity as the aunt of DECEDENT. In her individual capacity in this suit, Plaintiff BROTT seeks wrongful death damages under federal and state law.

5.      At all relevant times, Defendant COUNTY OF NAPA ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. At all relevant times, Defendant COUNTY was the employer of Defendant GREGG LEE ("LEE"), an individual, and DOES 1-10. Defendant COUNTY is liable for the nonfeasance and malfeasance of Defendant LEE and DOES 1-10 for Plaintiffs' state law claims pursuant to Cal. Govt. Code §815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendant COUNTY is directly liable for Plaintiffs' claims under federal law pursuant to *Monell* and its progeny.

6.      At all relevant times, Defendant LEE was and is a deputy sheriff working for the County of Napa Sheriff's Department. At all relevant times, Defendant LEE was acting under color of law within the course and scope of his employment with the County of Napa Sheriff's Department. At all relevant times, Defendant LEE was acting with the complete authority and ratification of his principal, Defendant COUNTY.

7.      At all relevant times, Defendants DOES 1-5 ("DOE DEPUTIES") were deputy sheriffs working for the County of Napa Sheriff's Department. DOE DEPUTIES were acting under color of law within the course and scope of their employment with Defendant COUNTY, including the County of Napa Sheriff's Department. DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

Complaint for Damages

8. At all relevant times, Defendants DOES 6-10 ("SUPERVISORY DOES") were and are managerial, supervisorial, and policymaking employees of the County of Napa Sheriff's Department, who were acting under color of law within the course and scope of their employment. SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9. On information and belief, Defendant LEE and DOES 1-10 are residents of Defendant COUNTY.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants LEE and DOES 1-10 were acting on the implied and actual permission and consent of Defendant COUNTY.

11. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

12. The true names of Defendants DOES 1–10, inclusive, are unknown to Plaintiffs at this time, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

13. Plaintiffs timely and properly filed tort claims pursuant to California Government Code §910 et. seq., and this action is timely filed within all applicable statutes of limitation.

14. Plaintiffs were financially dependent upon DECEDENT, to some extent, for the necessities of life.

## JURISDICTION AND VENUE

15. This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and constitutional rights protected by 42 U.S.C. §§1983, 1985, 1986, 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331, 1334, and 1367.

16. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Napa, California.

///

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. On April 24, 2020, shortly after Defendant LEE began his shift at 2:25 P.M., he received a dispatch that a robbery had occurred at a Wal-Mart store in the City of Napa with a description of the suspect and suspect vehicle. It was alleged that a young man fitting DECEDENT's description had entered the Wal-Mart and used a hammer to break a glass display case containing ammunition. The suspect allegedly grabbed a box of shotgun shells and threw the hammer, hitting a Wal-Mart employee. Approximately 20 minutes later, Defendant LEE spotted DECEDENT driving on SR-29. DECEDENT allegedly led Defendant LEE on a pursuit that lasted approximately three minutes.

19. DECEDENT's vehicle turned off of SR 29 onto Airport Road and ultimately turned onto a paved driveway where it came to a stop at a cyclone fence with a closed gate. Defendant LEE stopped his vehicle 3 to 6 feet behind DECEDENT's vehicle and less than 20 feet away from DECEDENT.

20. Defendant LEE observed DECEDENT's driver's door open, DECEDENT's leg come out, and DECEDENT carrying a long gun. Defendant LEE immediately exited his vehicle and positioned himself behind his open door with his pistol in hand and immediately began firing.

21. As the DECEDENT exited his vehicle, he was holding a shotgun in his left hand by the forearm. His right hand was in a cast. He briefly swept the muzzle from a downward position to a straight-up vertical position in less than one second, never pointing the muzzle directly at Defendant LEE. DECEDENT immediately stepped from his vehicle raising both arms into the air and turning his back to Defendant LEE.

22. Defendant LEE could not remember putting his vehicle in park, removing his seatbelt, opening his door, or even hearing his own gunfire. He remembered instinctively yelling something similar to "no" or "stop". He did not recall giving DECEDENT any other commands. He did not remember thinking about being fearful for anyone but himself.

23. The investigation revealed that Defendant LEE fired two rounds immediately from less than 20 feet and missed. He then "reassessed" and fired two additional rounds which struck DECEDENT in the left buttock and cervical spine, killing DECEDENT. Both bullets that struck

DECEDENT traveled back to front indicating that Defendant LEE shot DECEDENT in the back while DECEDENT's hands were up in a vertical position.

24. After Defendant LEE fired the first two rounds, missed, and "reassessed", Defendant LEE stated that he fired the two additional rounds because he did not see the DECEDENT react to the initial gun fire, even though the dash camera video clearly illustrates DECEDENT immediately raised his arms and turned his back in an attempt to surrender to Defendant LEE in response to the first two rounds fired. At the time DECEDENT was shot, he posed no imminent threat of great bodily injury to anyone, including Defendant LEE.

25. DECEDENT took a total of 5 steps after exiting his vehicle with his back turned to Defendant LEE before he was fatally shot and 7 seconds elapsed from the time DECEDENT opened his door until he fell to the ground.

26. At the time of this incident, DECEDENT was the 24-year-old grandson of Plaintiff JOHANSEN. His biological mother passed away when he was 16 years old and his biological father's identity is unknown. DECEDENT had no siblings. DECEDENT's only surviving grandparent is Plaintiff JOHANSEN. Consequently, Plaintiff JOHANSEN is DECEDENT's successor in interest as defined in §377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the only surviving grandparent of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(By Plaintiff JOHANSEN against Defendant LEE)

27. Plaintiff JOHANSEN repeats and realleges each and every allegation in paragraphs 1 through 26 of this complaint with the same force and effect as if fully set forth herein.

28. Defendant LEE used excessive force against DECEDENT when he shot him multiple times without warning and after DECEDENT clearly attempted to surrender. Defendant LEE's unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

30. The conduct of Defendant LEE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant LEE.

31. The shooting was excessive and unreasonable, especially because DECEDENT had immediately raised both hands and fully extended his arms into the air with his left hand on the forearm of the shotgun, his back to Defendant LEE and no immediate ability to fire the shotgun or intent to hurt anyone. DECEDENT's right hand was visibly casted and was fully extended upward into the air. Further, Defendant LEE's use of deadly force violated his training, standard police officer training, and the law enforcement standards set forth in California Penal Code §835.

32. Plaintiff JOHANSEN brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff JOHANSEN also seeks funeral and burial expenses, punitive damages, and attorneys fees pursuant to 42 U.S.C. §1988 and costs of suit.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. §1983)

(By all Plaintiffs against Defendant LEE)

33. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. The substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations. 42 U.S.C. §1983 provides a private right of action for conduct which violates this right.

35. Plaintiff JOHANSEN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference in Plaintiff JOHANSEN's familial relationship with her grandson, DECEDENT.

36. Plaintiff NYLANDER had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including,

but not limited to, unwarranted state interference in Plaintiff NYLANDER's familial relationship with his nephew.

37. Plaintiff BROTT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference in Plaintiff BROTT's familial relationship with her nephew.

38. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

39. The aforementioned actions of Defendant LEE, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law-enforcement objective.

40. As a direct and proximate result of these actions, DECEDENT experienced pain, suffering and death. Defendant LEE thus violated the substantive Due Process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

41. As a direct and proximate cause of the acts of Defendant LEE, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, including financial support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

42. The conduct of Defendant LEE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant LEE.

43. Plaintiff JOHANSEN brings this claim in each case individually and as a successor in interest to the DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs NYLANDER and BROTT bring these claims in their individual capacities and seek wrongful death damages under this claim. Plaintiffs also seek funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

///

### THIRD CLAIM FOR RELIEF

### Municipal Liability — Ratification (42 U.S.C. §1983

(By Plaintiff JOHANSEN against Defendants COUNTY and SUPERVISORY DOES)

44.     Plaintiff JOHANSEN repeats and realleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as it fully set forth herein.

45.     Defendant LEE acted under color of law.

46.     The acts of Defendant LEE deprived Plaintiff JOHANSEN and DECEDENT of their particular rights under the United States Constitution.

47.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant LEE, ratified (or will ratify) Defendant LEE's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of Defendant LEE.

48.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant LEE were "within policy."

49.     Plaintiff JOHANSEN brings this claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff JOHANSEN also seeks funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

### FOURTH CLAIM FOR RELIEF

### Municipal Liability--Failure to Train 42 U.S.C. §1983)

(By all Plaintiffs against Defendant COUNTY and SUPERVISORY DOES)

50.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.     Defendant LEE acted under color of law.

52.     The acts of Defendant LEE deprived Plaintiffs of their particular rights under the United States Constitution.

53.     The training policies of Defendant COUNTY were not adequate to train its deputy sheriffs to handle the usual and recurring situations with which they must deal.

54.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputy sheriffs adequately. Specifically, the COUNTY failed to adequately

train its deputy sheriffs with regard to the use of unreasonable and excessive force, particularly deadly force, and the immediate need to use deadly force.

55. The failure of Defendant COUNTY to provide adequate training caused the deprivation of the Plaintiffs' rights by Defendant LEE; that is, Defendant COUNTY's failure to train is so closely related to the deprivation of DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

56. By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, loss of life, and loss of earning capacity. The aforementioned acts and omissions also caused Plaintiffs JOHANSEN, NYLANDER, and BROTT severe emotional distress and financial loss as a result of the loss of their grandson and nephew, Brandan Nylander. Accordingly, Defendant COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

57. Plaintiff JOHANSEN brings this claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs NYLANDER and BROTT bring these claims in their individual capacities and seek wrongful death damages under this claim. Plaintiffs also seek funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Municipal liability — Unconstitutional Custom or Policy

(By all Plaintiffs against Defendants COUNTY and SUPERVISORY DOES)

58. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 57 of this complaint with the same force and effect as if fully set forth herein.

59. Defendant LEE acted under color of law.

60. Defendant LEE acted pursuant to an expressly adopted official policy or a long-standing practice or custom of Defendant COUNTY.

61. On information and belief, Defendant LEE was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the shooting of DECEDENT.

62. Defendant COUNTY and DOES 6–10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

a) Using excessive force, including excessive deadly force;

b) Providing inadequate training regarding the use of deadly force;

c) Employing and retaining as deputy sheriffs individuals such as Defendant LEE, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputy sheriffs, and other personnel, including Defendant LEE, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e) Maintaining grossly inadequate procedures for reporting, supervising, investing, reviewing, disciplining and controlling misconduct by COUNTY deputy sheriffs, including Defendant LEE;

f) Failing to adequately discipline COUNTY deputy sheriffs for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g) Announcing that unjustified shootings are "within policy", including shootings that were later determined in court to be unconstitutional;

h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputy sheriffs involved;

i) Encouraging, accommodating, or facilitating a "blue code of silence", "blue shield", "blue wall", "blue curtain", "blue veil", or simply "code of silence", pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

j) Maintaining a policy of inaction and an attitude of indifference toward

soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of people not posing an imminent threat of great bodily harm.

63. By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, and a loss of earning capacity. The aforementioned acts and omissions also caused Plaintiff JOHANSEN to suffer emotional distress as a result of the loss of her grandson.

64. Defendants COUNTY and DOES 1–10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

65. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant LEE acted with intentional, reckless, and callous disregard for the life of DECEDENT and DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant COUNTY were affirmatively linked to and were a significantly influential force behind the death of DECEDENT and injuries to Plaintiffs.

66. The aforementioned unconstitutional customs, practices, and policies in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constitute excessive force, involving police officers working for the COUNTY Sheriff's Department.

67. Plaintiff JOHANSEN brings this claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiffs NYLANDER and BROTT bring these claims individually based on their collective financial dependency on DECEDENT and seek wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiffs also seek funeral

and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

### SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(By all Plaintiffs against Defendant LEE)

68. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69. Defendant LEE, while working as a COUNTY deputy sheriff and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times. The shooting constituted the requisite "touching" element, as well as the use of unreasonable force against DECEDENT to which DECEDENT did not consent. As a result of the actions of Defendant LEE, DECEDENT suffered severe pain and suffering, and ultimately died from his injuries and lost earning capacity. Defendant LEE has no legal justification for using force against DECEDENT and Defendant LEE's use of force was unreasonable.

70. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

71. Defendant COUNTY is vicariously liable for the wrongful acts of the individual Defendants pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's acts would subject him or her to liability.

72. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the constitutional rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

73. Plaintiff JOHANSEN brings this claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights. Plaintiffs NYLANDER and BROTT bring these claims in their individual capacities and seek wrongful death damages. Plaintiffs also seek funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

///

## SEVENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code §820 and California Common Law)**

**(Wrongful Death)**

(By all Plaintiffs against all Defendants)

74. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as it fully set forth herein.

75. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

76. Defendants DOES 1–10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants LEE and DOES 1-10 were negligent and reckless, including but not limited to:

    a) The failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

    b) The negligent pre-shooting tactics and handling of the situation with DECEDENT;

    c) The negligent use of force, including deadly force, against DECEDENT;

    d) The failure to properly train and supervise employees, both professional and non-professional, including Defendants LEE and DOES 1–10;

    e) The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of people in scenarios that COUNTY deputy sheriffs would frequently and routinely encounter, such as the subject encounter with DECEDENT;

    e) The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    f) The negligent handling of evidence and witnesses;

    g) The negligent communication of information during the incident.

77. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain, suffering, death and loss of earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

78. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants LEE and DOES 1-10, inclusive, pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

79. Plaintiff JOHANSEN brings this claim individually and as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiffs NYLANDER and BROTT bring these claims in their individual capacities and seek wrongful death damages. Plaintiffs also seek funeral and burial expenses, and attorneys fees pursuant to 42 U.S.C. §1988 and costs of suit.

## EIGHTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code §52.1 and California Common Law

(By all Plaintiffs against Defendant LEE)

80. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as it fully set forth herein.

81. The California Civil Code, §52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the fourth amendment provides the basis for a successful claim under §52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under §52.1 are the same as under §1983."); *Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful seizure--when accompanied by unnecessary, deliberate and excessive force--is within the protection of the Bane Act").

82. Defendant LEE violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when he used deadly force against DECEDENT by firing multiple fatal

rounds at DECEDENT while DECEDENT had his hands raised with his back to Defendant LEE in an obvious attempt to surrender when DECEDENT did not pose an imminent threat of great bodily harm to Defendant LEE or any other person.

83. The conduct of Defendant LEE was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT. As a result of the unjustified shooting, DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, through Plaintiff JOHANSEN, as his successor in interest, is entitled to recover survival damages.

84. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant LEE and pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

85. The conduct of Defendant LEE was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

86. Plaintiff JOHANSEN brings her claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiffs NYLANDER and BROTT bring their claims individually based on their financial dependency on DECEDENT and seek wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiffs also seeks funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs VIRGINIA JOHANSEN, KURT NYLANDER, and KRISTINE BROTT request entry of judgment in their favor and against Defendants COUNTY OF NAPA, GREGG LEE, and DOES 1–10, inclusive, as follows:

1. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven a trial;

2. For a funeral and burial expenses and loss of financial support;

3. For punitive damages against the individual Defendants GREGG LEE and DOES 1-10 in an amount to be proven at trial;

4. For interest;

5. For reasonable cost of this suit and attorney's fees under state and federal law;

6. For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED: March 15, 2021                By      /s/ Joseph A. Welch
                                             JOSEPH A. WELCH, ESQ.
                                             Attorney for Plaintiffs, VIRGINIA
                                             JOHANSEN, KURT NYLANDER,
                                             KRISTINE BROTT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

DATED:  March 15, 2021                    By_____/s/ Joseph A. Welch_____
                                                             JOSEPH A. WELCH, ESQ.
                                                             Attorney for Plaintiffs, VIRGINIA JOHANSEN, KURT NYLANDER, KRISTINE BROTT

Complaint for Damages