UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA JOHANSEN *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF NAPA *et al.*,<br><br>    Defendants. | Case No.: 21-CV-1892 YGR<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

Pending before this Court is defendants' partial motion to dismiss.[1] Having carefully considered the pleadings and papers submitted, and for the reasons set forth below, the Court **GRANTS** defendants' motion.

The legal standard is not in dispute and will not be repeated here.

**1. Second Cause of Action**

With respect to the motion to dismiss the Fourteenth Amendment claim brought by plaintiffs Kurt Nylander, the decedent's uncle and Kristine Brott the decedent's aunt, the claim is based on excessive use of force and is properly analyzed under the Fourth Amendment as it provides the explicit textual source of constitutional protection for allegations of excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a free person. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Plaintiffs' claim under the Fourteenth Amendment is duplicative and cannot be sustained. Further, only decedent's parents, children, personal representative, or successor in interest will have a right to bring a substantive due process claim under the Fourteenth Amendment, it is improper to allow the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 21, 2021.

claim to be brought by a decedent's uncle or aunt when they do not fulfill the necessary roles set forth above. *Palacio v. City of Oakland*, 970 F. Supp. 732, 745 (1997) (holding that while mother could assert a due process claim based on deprivation of familial relationship with her son based on alleged use of excessive force against him, uncle and half-sisters did not have substantive due process rights as to their nephew/half-brother).

The motion is granted without leave to amend.

### 2. Third, Fourth, and Fifth Causes of Action

Defendants' motion argues that the claims for *Monell* liability are conclusory and require factual allegations to state plausible claims for relief.

Rarely, if ever, can a practice be based on a single, isolated, event. Here, the complaint fails to advise of any basis from which the Court can discern an actionable claim. More is required to give notice. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 409 (1997). Plaintiffs have not alleged specific factual allegations illustrating any of the essential elements of *Monell* liability:

> An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *see also Monell*, 436 U.S. at 691, 98 S.Ct. 2018 (unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice) (quoting *Adickes*, 398 U.S. at 167–68, 90 S.Ct. 1598)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

*Gordon v. Cty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021). The motion is granted on this basis with leave to amend.

Similarly, the complaint further fails to provide sufficient facts to state a claim based on ratification. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). The proffered references to District Attorney Allison Haley are insufficient and confusing. It's not clear whether the complaint seeks to name her as a defendant and whether they would even survive immunity defenses.

It could be that plaintiff does not have sufficient facts at this juncture to state a claim and discovery will be required before pursuing any *Monell* liability.  If so, that issue is appropriately addressed at the case management conference.

### 3. Wrongful Death Claims

Defendants' argument that plaintiffs should not be allowed to amend to bring a wrongful death claim in addition to a Section 1983 claim does not persuade.  These are independent claims even if they rely on the same or similar sets of facts.  The motion is denied on this basis.

That said, the "elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the *pecuniary loss* suffered by the *heirs*."  *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006) (citation omitted) (emphasis in original).  Plaintiffs shall disentangle the state claim from the federal claim if they are alleging a distinct cause of action.  Further, apparently, plaintiffs can amend to allege compliance with the Government Claims Act, which is also required.  The motion to dismiss is granted on this basis with leave to amend.

### Conclusion

Plaintiffs shall file an amended complaint within 21 days of this order.  Plaintiffs are advised that the proffered complaint remains insufficient.  Defendants shall respond within 21 days thereafter.  Defendants shall not make any new arguments which could have been made during this round of motions.

**IT IS SO ORDERED**.

**Date: September 14, 2021**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3