JOSEPH A. WELCH, ESQ. – SBN 119312
**LAW OFFICES OF JOSEPH A. WELCH**
828 University Avenue
Sacramento, California 95825
Telephone: (916) 444-5501
Facsimile: (916) 920-5505
E-mail: joewelchlaw@yahoo.com

Attorney for Plaintiff, VIRGINIA JOHANSEN

UNITED STATES DISTRICT COURT

NORTH DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA JOHANSEN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF NAPA, GREGG LEE, and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No.: 4:21-CV-01892 YGR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force (42 U.S.C. §1983)<br>2. Battery<br>3. Negligence<br>4. Bane Act (Cal. Civil Code §52.1)<br><br>DEMAND FOR JURY TRIAL |

   Comes now Plaintiff VIRGINIA JOHANSEN, for her complaint against Defendants COUNTY OF NAPA, GREGG LEE, and DOES 1 - 10, inclusive, hereby allege as follows:

   1.   At all relevant times, Brandan Nylander, deceased ("DECEDENT"), was an individual residing in the County of Napa, California.

   2.   Plaintiff Virginia Johansen ("JOHANSEN") is the maternal grandmother of DECEDENT. At all relevant times, Plaintiff JOHANSEN resided and currently resides in the County of Stanislaus, California. Plaintiff JOHANSEN sues in her individual capacity for her own damages and for survival damages in her capacity as successor in interest to her grandson, DECEDENT. Plaintiff JOHANSEN seeks wrongful death damages and survival damages under federal and state law.

   3.   At all relevant times, Defendant COUNTY OF NAPA ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. At all relevant times, Defendant COUNTY was the employer of Defendant GREGG LEE ("LEE"), an

individual, and DOES 1-10. Defendant COUNTY is liable for the nonfeasance and malfeasance of Defendant LEE and DOES 1-10 for Plaintiff's state law claims pursuant to Cal. Govt. Code §815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendant COUNTY is directly liable for Plaintiff's claim under federal law pursuant to *Monell* and its progeny.

4. At all relevant times, Defendant LEE was and is a deputy sheriff working for the County of Napa Sheriff's Department. At all relevant times, Defendant LEE was acting under color of law within the course and scope of his employment with the County of Napa Sheriff's Department. At all relevant times, Defendant LEE was acting with the complete authority and ratification of his principal, Defendant COUNTY.

5. At all relevant times, Defendants DOES 1-5 ("DOE DEPUTIES") were deputy sheriffs working for the County of Napa Sheriff's Department. DOE DEPUTIES were acting under color of law within the course and scope of their employment with Defendant COUNTY, including the County of Napa Sheriff's Department. DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

6. At all relevant times, Defendants DOES 6-10 ("SUPERVISORY DOES") were and are managerial, supervisorial, and policymaking employees of the County of Napa Sheriff's Department, who were acting under color of law within the course and scope of their employment. SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

7. On information and belief, Defendant LEE and DOES 1-10 are residents of Defendant COUNTY.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants LEE and DOES 1-10 were acting on the implied and actual permission and consent of Defendant COUNTY.

9. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

10. The true names of Defendants DOES 1–10, inclusive, are unknown to Plaintiff JOHANSEN at this time, who therefore sue these Defendants by such fictitious names. Plaintiff JOHANSEN will seek leave to amend this complaint to show the true names and capacities of these Defendants when they haπve been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. Plaintiff JOHANSEN timely and properly filed tort claims pursuant to California Government Code §910 et. seq., and this action is timely filed within all applicable statutes of limitation.  Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff JOHANSEN Claim against the County of Napa was on mailed August 6, 2020.

## JURISDICTION AND VENUE

12. This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and constitutional rights protected by 42 U.S.C. §§1983, 1985, 1986, 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331, 1334, and 1367.

13. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Napa, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. On April 24, 2020, shortly after Defendant LEE began his shift at 2:25 P.M., he received a dispatch that a robbery had occurred at a Wal-Mart store in the City of Napa with a description of the suspect and suspect vehicle. It was alleged that a young man fitting DECEDENT's description had entered the Wal-Mart and used a hammer to break a glass display case containing ammunition. The suspect allegedly grabbed a box of shotgun shells and threw the hammer, hitting a Wal-Mart employee. Approximately 20 minutes later, Defendant LEE spotted DECEDENT driving on SR-29. DECEDENT allegedly led Defendant LEE on a pursuit that lasted approximately three minutes.

16. DECEDENT's vehicle turned off of SR 29 onto Airport Road and ultimately turned onto a paved driveway where it came to a stop at a cyclone fence with a closed gate.

Defendant LEE stopped his vehicle 3 to 6 feet behind DECEDENT's vehicle and less than 20 feet away from DECEDENT.

17. Defendant LEE observed DECEDENT's driver's door open, DECEDENT's leg come out, and DECEDENT carrying a long gun. Defendant LEE immediately exited his vehicle and positioned himself behind his open door with his pistol in hand and immediately began firing.

18. As the DECEDENT exited his vehicle, he was holding a shotgun in his left hand by the forearm. His right hand was in a cast. He briefly swept the muzzle from a downward position to a straight-up vertical position in less than one second, never pointing the muzzle directly at Defendant LEE. DECEDENT immediately stepped from his vehicle raising both arms into the air and turning his back to Defendant LEE.

19. Defendant LEE could not remember putting his vehicle in park, removing his seatbelt, opening his door, or even hearing his own gunfire. He remembered instinctively yelling something similar to "no" or "stop". He did not recall giving DECEDENT any other commands. He did not remember thinking about being fearful for anyone but himself.

20. The investigation revealed that Defendant LEE fired two rounds immediately from less than 20 feet and missed. He then "reassessed" and fired two additional rounds which struck DECEDENT in the left buttock and cervical spine, killing DECEDENT. Both bullets that struck DECEDENT traveled back to front indicating that Defendant LEE shot DECEDENT in the back while DECEDENT's hands were up in a vertical position.

21. After Defendant LEE fired the first two rounds, missed, and "reassessed", Defendant LEE stated that he fired the two additional rounds because he did not see the DECEDENT react to the initial gun fire, even though the dash camera video clearly illustrates DECEDENT immediately raised his arms and turned his back in an attempt to surrender to Defendant LEE in response to the first two rounds fired. At the time DECEDENT was shot, he posed no imminent threat of great bodily injury to anyone, including Defendant LEE.

22. DECEDENT took a total of 5 steps after exiting his vehicle with his back turned to Defendant LEE before he was fatally shot and 7 seconds elapsed from the time DECEDENT opened his door until he fell to the ground.

23. Defendant COUNTY Deputy Sheriff Frank Walsh was the third law enforcement officer on scene. As he drove up to the other law enforcement vehicles, he saw DECEDENT's vehicle "creep into the fence." Defendant LEE was already out of his vehicle, standing at the A-

pillar of his vehicle behind the driver's door with his service firearm drawn and pointed at DECEDENT before DECEDENT exited his vehicle. DECEDENT's exit from his vehicle appeared to Deputy Walsh to be "very slow and deliberate". DECEDENT "did not appear to want to flee" and "he did not get out of the car in a hurry". Although Defendant LEE told investigators that DECEDENT pointed the shotgun at him, Deputy Walsh, who was standing 15 to 20 feet behind Defendant LEE before any shots were fired, indicated that he only saw the barrel of the shotgun pointed vertically and in an upward direction. DECEDENT was also essentially "pinned" between officers and the locked fence. Deputy Walsh also did not hear Defendant LEE give any commands to DECEDENT and observed DECEDENT's right hand in a cast.

24.     By Defendant COUNTY Sheriff's Department's own calculations, approximately four seconds elapsed between the first volley of shots and the second volley of shots fired by Defendant LEE. In the interim, DECEDENT put his hands up, turned his back to Defendant LEE and held the shotgun in a non-threatening manner with his left hand on the forearm and the barrel pointed upward in a vertical position. DECEDENT was clearly attempting to surrender to Defendant LEE. At the time the fatal shot was fired by Defendant LEE, DECEDENT did not pose an imminent threat of great bodily injury or death to anyone.

25.     In spite of the facts set forth above, Defendant COUNTY District Attorney Allison Haley concluded in her December 31, 2020 report that "The use of deadly force on April 24, 2020 by NSO Deputy Gregg LEE was a reasonable and lawful response under the totality of the circumstances. Therefore, his actions were legally justified and criminal charges against him are neither warranted nor supported by the evidence." Ms. Haley goes on to state that, "This review conducted within the scope and jurisdiction of the District Attorney is complete and final."

26.     At the time of this incident, DECEDENT was the 24-year-old grandson of Plaintiff JOHANSEN. His biological mother passed away when he was 16 years old and his biological father's identity is unknown. DECEDENT had no siblings. DECEDENT's only surviving grandparent is Plaintiff JOHANSEN. Consequently, Plaintiff JOHANSEN is DECEDENT's successor in interest as defined in §377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the only surviving grandparent of DECEDENT.

///

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(By Plaintiff JOHANSEN against Defendant LEE)

27. Plaintiff JOHANSEN repeats and realleges each and every allegation in paragraphs 1 through 26 of this complaint with the same force and effect as if fully set forth herein.

28. Defendant LEE used excessive force against DECEDENT when he shot him multiple times without warning and after DECEDENT clearly attempted to surrender. Defendant LEE's unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

30. The conduct of Defendant LEE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant LEE.

31. The shooting was excessive and unreasonable, especially because DECEDENT had immediately raised both hands and fully extended his arms into the air with his left hand on the forearm of the shotgun, his back to Defendant LEE and no immediate ability to fire the shotgun or intent to hurt anyone. DECEDENT's right hand was visibly casted and was fully extended upward into the air. Further, Defendant LEE's use of deadly force violated his training, standard police officer training, and the law enforcement standards set forth in California Penal Code §835.

32. Plaintiff JOHANSEN brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff JOHANSEN also seeks funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

///
///
///

## SECOND CLAIM FOR RELIEF

**Battery (Cal. Govt. Code §820 and California Common Law)**

(By Plaintiff JOHANSEN against Defendant LEE)

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendant LEE, while working as a COUNTY deputy sheriff and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times. The shooting constituted the requisite "touching" element, as well as the use of unreasonable force against DECEDENT to which DECEDENT did not consent. As a result of the actions of Defendant LEE, DECEDENT suffered severe pain and suffering, and ultimately died from his injuries and lost earning capacity. Defendant LEE has no legal justification for using force against DECEDENT and Defendant LEE's use of force was unreasonable.

35. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff JOHANSEN has been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

36. Defendant COUNTY is vicariously liable for the wrongful acts of the individual Defendants pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's acts would subject him or her to liability.

37. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the constitutional rights of Plaintiff and DECEDENT, entitling Plaintiff, individually, to an award of exemplary and punitive damages.

38. Plaintiff JOHANSEN brings this claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights. Plaintiff JOHANSEN also seeks funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

///
///
///
///

FIRST AMENDED COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code §820 and California Common Law)**

**(Wrongful Death)**

(By Plaintiff JOHANSEN against all Defendants)

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as it fully set forth herein.

40. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

41. Defendants DOES 1–10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants LEE and DOES 1-10 were negligent and reckless, including but not limited to:

    a) The failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

    b) The negligent pre-shooting tactics and handling of the situation with DECEDENT;

    c) The negligent use of force, including deadly force, against DECEDENT;

    d) The failure to properly train and supervise employees, both professional and non-professional, including Defendants LEE and DOES 1–10;

    e) The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of people in scenarios that COUNTY deputy sheriffs would frequently and routinely encounter, such as the subject encounter with DECEDENT;

    e) The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    f) The negligent handling of evidence and witnesses;

    g) The negligent communication of information during the incident.

43. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain, suffering, death and loss of earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff JOHANSEN suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff JOHANSEN has also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

44. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants LEE and DOES 1-10, inclusive, pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

45. Plaintiff JOHANSEN brings this claim individually and as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiff JOHANSEN also seeks funeral and burial expenses, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

## FOURTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code §52.1 and California Common Law

(By Plaintiff JOHANSEN against Defendant LEE)

46. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as it fully set forth herein.

47. The California Civil Code, §52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the fourth amendment provides the basis for a successful claim under §52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under §52.1 are the same as under §1983."); *Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful seizure--when accompanied by unnecessary, deliberate and excessive force--is within the protection of the Bane Act").

48. Defendant LEE violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when he used deadly force against DECEDENT by firing multiple fatal rounds at DECEDENT while DECEDENT had his hands raised with his back to Defendant LEE

in an obvious attempt to surrender when DECEDENT did not pose an imminent threat of great bodily harm to Defendant LEE or any other person.

49. The conduct of Defendant LEE was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT. As a result of the unjustified shooting, DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, through Plaintiff JOHANSEN, as his successor in interest, is entitled to recover survival damages.

50. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant LEE and pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

51. The conduct of Defendant LEE was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff JOHANSEN to an award of exemplary and punitive damages.

52. Plaintiff JOHANSEN brings her claim as a successor in interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's constitutional rights. Plaintiff JOHANSEN also seeks funeral and burial expenses, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988 and costs of suit.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff VIRGINIA JOHANSEN requests entry of judgment in her favor and against Defendants COUNTY OF NAPA, GREGG LEE, and DOES 1–10, inclusive, as follows:

**FIRST CAUSE OF ACTION**:

1. For compensatory damages and survival damages under federal and state law in an amount to be proven a trial;

2. For a funeral and burial expenses and loss of financial support;

3. For punitive damages against the individual Defendants GREGG LEE and DOES 1-10 in an amount to be proven at trial;

4. For interest;

5. For reasonable cost of this suit and attorney's fees under state and federal law;

6. For such further relief at law or equity as the Court or jury may deem just and appropriate.

**SECOND CAUSE OF ACTION**:

1. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven a trial;
2. For a funeral and burial expenses and loss of financial support;
3. For punitive damages against the individual Defendants GREGG LEE and DOES 1-10 in an amount to be proven at trial;
4. For interest;
5. For reasonable cost of this suit and attorney's fees under state and federal law;
6. For such further relief at law or equity as the Court or jury may deem just and appropriate.

**THIRD CAUSE OF ACTION**:

1. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven a trial;
2. For a funeral and burial expenses and loss of financial support;
3. For punitive damages against the individual Defendants GREGG LEE and DOES 1-10 in an amount to be proven at trial;
4. For interest;
5. For reasonable cost of this suit and attorney's fees under state and federal law;
6. For such further relief at law or equity as the Court or jury may deem just and appropriate.

**FOURTH CAUSE OF ACTION**:

1. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven a trial;
2. For a funeral and burial expenses and loss of financial support;
3. For punitive damages against the individual Defendants GREGG LEE and DOES 1-10 in an amount to be proven at trial;
4. For interest;
5. For reasonable cost of this suit and attorney's fees under state and federal law;

FIRST AMENDED COMPLAINT FOR DAMAGES

6. For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED: October 5, 2021

By_____/s/ Joseph A. Welch_____
JOSEPH A. WELCH, ESQ.
Attorney for Plaintiff, VIRGINIA JOHANSEN

FIRST AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED: October 5, 2021                    By_____/s/ Joseph A. Welch_____
                                                                     JOSEPH A. WELCH, ESQ.
                                                                     Attorney for Plaintiff, VIRGINIA JOHANSEN

FIRST AMENDED COMPLAINT FOR DAMAGES

# EXHIBIT A



# CLAIM AGAINST THE COUNTY OF NAPA   NO. _____

*For Clerk's Use Only*

A Tradition of Stewardship
A Commitment to Service

California Government Code Section 910 describes the information which must be contained in a claim against a government entity. Section 911.2 provides that claims arising from a death, or personal injury, or damage to personal property or growing crops must be presented not later than six (6) months after the occurrence on which the claim is based. This form or any other form containing the same information may be used to present such a claim against the County of Napa. The County reserves the right to reject any claim presented to it.

Page 1 of 2

| 1. Name and address of Claimant | | | | Telephone Numbers |
|---|---|---|---|---|
| First Name | MI | Last Name | | Home |
| **Virginia** | | **Johansen** | | |
| Street Address | | | | Business |
| **P.O. Box 1072** | | | | |
| City | | State | Zip Code | Cellular |
| **Newcastle** | | **CA** | **95658** | **(209) 204-5164** |
| e-mail | | | | |
| **gnd2@hotmail.com** | | | | |

| 2. Mailing address to which notices from the County are to be directed | | |
|---|---|---|
| | Street Address | |
| **Law Offices of Joseph A. Welch** | **828 University Avenue** | |
| | City | State   Zip Code |
| **Joseph A. Welch, Esq.** | **Sacramento** | **CA    95825** |

### 3. Incident Information

| Date of Incident: | Time of Incident: | Location of Incident: |
|---|---|---|
| **4/24/2020** | Daylight | **On or near S-29 in Napa County, California** |

Please note that space is limited. If additional space is needed, please attach the information on a separate sheet of paper.

### 4. Description of incident or accident including your reason for believing the County is liable for your damages

**See attached.**

### 5. Description of all damages which you believe that you have incurred as a result of the incident

**See attached.**

**6. The name or names of any County employees causing damages that you are claiming**

Napa County Sheriff Deputy Gregg Lee

**7. If the amount claimed is $10,000.00 or less, specify the amount of the claim, including, the estimated amount of any prospective injury, damage or loss insofar as it may be known at this time, together with how it was calculated.**

Damages exceed $10,000.00

If the amount is for more than $10,000, will this claim be a "limited civil case?"   ☐ yes ☑ no

**8. If this claim is for indemnity, on what date were you served with the underlying lawsuit?**

If a lawsuit has already been filed, please enter the date of the judgment against you:   N/A

**9. State the names and address of any witnesses to this incident**

| First Name | MI | Last Name |
|---|---|---|
| Gregg | | Lee – Napa County Sheriff's Deputy |

Street Address: Also, an unidentified Deputy Sheriff

City   State   Zip Code

**10. Law Enforcement Information**

Was local law enforcement contacted?   ☒ yes ☐ no

If yes, Report # Unknown   (Attach copy of report if available)

I declare under penalty of perjury that the forgoing is true and correct and, to the best of my knowledge, I have complied with the provisions of the Government Code.

_[signature]_

Signature of Claimant (Original Signature Required)

August 6, 2020
Date Signed

Submit Completed Claim Form to: Clerk of the Board of Supervisors, 1195 Third Street, Suite 310, Napa, CA 94559

4. **Description of incident or accident including your reason for believing the County is liable for your damages**:

According to the Napa County Sheriff's Office Internet posting made shortly after the fatal shooting on April 24, 2020, 24-year-old Brandan Reid Nylander allegedly entered a Wal-Mart in Napa County and allegedly used a hammer to shatter a glass display case containing ammunition. Brandan allegedly grabbed a box of shotgun shells and threw the hammer, hitting a Wal-Mart employee. Napa County Sheriff Deputy Gregg Lee received a dispatch describing Brandan and his vehicle. Approximately 20 minutes later, Deputy Lee spotted Brandan driving on SR-29. Brandon allegedly led Deputy Lee on a pursuit that lasted approximately three minutes.

At the end of the pursuit, Brandan exited his vehicle and allegedly pointed a loaded shotgun at two deputies. These facts are obviously in dispute as evidenced by a reasonable interpretation of the video posted by the Napa County Sheriff's Office shortly after the shooting. Apparently, whatever Deputy Lee saw, "prompted" him to fire two shots at Brandan's back. Both shots missed.

The more reasonable interpretation of the video reveals that Brandan stepped out of his car without pointing the shotgun at anyone and did not exhibit any intent to assault the two deputies. Brandan actually immediately raised both hands and fully extended his arms into the air with his left hand on the forearm of the shotgun, his back to the deputies and no immediate ability to fire the shotgun or intent to hurt anyone. The video reveals a visible cast on his right hand, which was fully extended upward into the air. If anything, Brandan appeared to be attempting to comply with the deputies' presumed commands to raise his arms and put his back to the deputies.

Before Brandan could take five steps, with his back to Deputy Lee, two final shots were fired, presumably at the center mass of Brandan's back. On his fifth step, Brandan was fatally struck twice in the back without making any furtive or deliberate moves toward the deputies. As illustrated by the video released by the Napa County Sheriff's Office, Brandan did not make a single move in an attempt to use the firearm in a threatening manner. At the moment that Brandan was killed, it was physically impossible for him to shoot/assault the deputies. This is the most plausible explanation why one deputy did not fire his/her weapon. Both bullets struck Brandan from behind while he stood with his back to the deputies.

Penal Code 835(e)(2) states:

"A threat of death or serious bodily injury is "IMMINENT" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed."

Clearly, the video reveals that Brandan did not have "the present ability, opportunity and apparent intent" to "immediately cause death or serious bodily injury" to Deputy Lee or the other deputy. There was absolutely no need to shoot Brandan in the back while he had his arms fully extended upward with his left hand on the forearm of the shotgun, his right hand in a cast, and his back to the deputies. A reasonable sheriff's deputy need only engage his common sense to understand that Brandan could not "immediately cause death or serious bodily injury" to anyone while in the position described above. It is obvious that Deputy Lee violated the law enforcement standards set forth in Penal Code 835.

5. **Description of all damages you believe that you have incurred as a result of the incident:**

Brandan was only 24 years old when he was tragically killed. He grew up in Placer County. Brandan was raised by a single mother who passed away in 2012. His father's identity is unknown. However, Brandan had a strong extended family that included his maternal grandmother Virginia Johansen, two maternal uncles and one maternal aunt. Brandan graduated from high school and had a strong employment history. Brandan moved to Napa to live with his uncle and to pursue his dream of becoming an electrician.

Ms. Johansen was very active in Brandan's upbringing. They were very close. Ms. Johansen has been deprived of the love and society of her closest grandchild and will dearly miss Brandan. She has also been deprived of the future financial support that he would have contributed to the family. The above-described damages will be determined according to proof.

| | |
|---|---|
| COURT: | Napa County Superior Court |
| CASE NO. | TBD |
| CASE NAME: | Johansen v. Napa County, et al |

### PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 828 University Avenue, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

I am readily familiar with the Law Offices of Joseph A. Welch's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc. section 1013a(3)).

On the date listed below, I served **CLAIM AGAINST THE COUNTY OF NAPA** as follows:

☒ MAIL ---
Placed in the United States Mail at Sacramento, California in an envelope with postage thereon fully prepaid addressed as follows:

Clerk of the Board of Supervisors
1195 Third Street, Suite 310
Napa, CA 94559

☐ FAX AND MAIL---
I personally sent to the addressee's telecopier number indicated below a true copy of the above-described document(s) before 5:00 p.m. I verified transmission without error by a transmission report issued by the facsimile machine upon which said transmission was made immediately following the transmission. Thereafter, I placed a true copy in a sealed envelope with first class postage affixed and mailed as follows:

☐ PERSONAL SERVICE---
By causing delivered by hand to the addressee addressed as follows:

☐ FEDERAL EXPRESS---
By causing delivery by Federal Express of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ *(State)*  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 6, 2020 at Sacramento, California.

_____
DEBBIE M. DREWICK

CLAIM AGAINST THE COUNTY OF NAPA