NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MᴄNᴀᴍᴀʀᴀ, Nᴇʏ, Bᴇᴀᴛᴛʏ, Sʟᴀᴛᴛᴇʀʏ,
Bᴏʀɢᴇs & Aᴍʙᴀᴄʜᴇʀ LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
COUNTY OF NAPA and GREGG LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA JOHANSEN, KURT NYLANDER, KRISTINE BROTT, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF NAPA, GREGG LEE, and DOES -10, Inclusive, <br><br> Defendants. | Case No. C21-01892 YGR <br><br> **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |

Defendants COUNTY OF NAPA and GREGG LEE ("Defendants") respond as follows to

Plaintiff VIRGINIA JOHANSEN'S First Amended Complaint for Damages ("FAC"). Defendants

demand a jury trial in this action.

## I. **PARTIES**

1. Defendants neither admit nor deny the allegations in Paragraph 1 because it includes

contentions and legal matters not proper for admission or denial, nor do Defendants have any

personal knowledge of those contentions.

2. Defendants neither admit nor deny the allegations in Paragraph 2 because it includes

contentions and legal matters not proper for admission or denial, nor do Defendants have any

personal knowledge of those contentions.

3. Defendants admit that the Defendant COUNTY OF NAPA is a municipal and/or public entity

ANSWER TO FIRST AMENDED COMPLAINT
FOR DAMAGES

existing under the laws of the State of California as alleged in Paragraph 3.  Defendants neither admit nor deny the remaining allegations in Paragraph 3 because it includes contentions and legal matters not proper for admission or denial.

4.   Defendants admit that Defendant LEE is/was employed as deputy sheriff working for the County of Napa Sheriff's Department and was acting in the course and scope of that employment, as of April 24, 2020, at the time he came into contact with Decedent, as alleged in Paragraph 4.  Defendants neither admit nor deny the remaining allegations in Paragraph 4 because it includes contentions and legal matters not proper for admission or denial.

5.   Defendants neither admit nor deny the allegations in Paragraph 5 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

6.   Defendants neither admit nor deny the allegations in Paragraph 6 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

7.   Defendants neither admit nor deny the allegations in Paragraph 7 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

8.   Defendants neither admit nor deny the allegations in Paragraph 8 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

9.   Defendants neither admit nor deny the allegations in Paragraph 9 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

10. Defendants neither admit nor deny the allegations in Paragraph 10 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

11. Defendants neither admit nor deny the allegations in Paragraph 11 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

personal knowledge of those contentions.

## II. JURISDICTION AND VENUE

12. Defendants neither admit nor deny the allegations in Paragraph 12 because it includes contentions and legal matters not proper for admission or denial.

13. Defendants admit that venue in U.S.D.C., in the Northern District of California, San Francisco Branch, is proper as the subject incident occurred in Napa, California, within the County of Napa, which is within the venue of the Northern District of California, as alleged in Paragraph

## III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. In answering the allegations in Paragraphs 14 through 26, Defendants respond as follows:  On April 24, 2020, at approximately 2:03 p.m., Decedent parked his car in the Wal-Mart parking lot and entered the store.  He then took a hammer and smashed a glass display case, grabbed a single box of shotgun shells, and threw the hammer at a cashier, striking him in the arm.  The Decedent then fled the store.

15. Shortly after, Deputy Lee was in his patrol vehicle and heard Napa Dispatch report that there had just been a robbery (Penal Code § 211) at the Wal-Mart in the city of Napa. Dispatch gave further details explaining that the suspect had smashed open a display case and stolen ammunition.  The description that dispatch gave noted the suspect was a large white male, last seen driving away from the Wal-Mart in a gray-colored Mazda with a personalized license plate.

16. Deputy Lee acknowledged the severity of the crime, the potential lack of other officers in the area, and his own proximity, as he was located at the Sheriff's Department in South Napa. Deputy Lee drove towards a staging area at Highway 29 and 221 on the shoulder and observed traffic in order to determine if the suspect vehicle would be in that location.

17. As Deputy Lee was coming up to the intersection of Highways 29 and 221, he observed a marked California Highway Patrol ("CHP") SUV that was driving on the southwest corner of the intersection. Deputy Lee drove up on the left side of the CHP vehicle. Deputy Lee introduced himself and inquired if the officer had heard any radio traffic of a robbery.  The officer had and explained that he was in that location to stage.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

18. The two officers discussed the license plate of the subject vehicle and as they did not have a full description of the plate, Deputy Lee called Napa Dispatch, who then provided the full plate: G-O-B-E-A-T.  Deputy Lee relayed this information to the CHP officer.  Radio traffic revealed that the registration of the vehicle came back to a man who was local as he had a Napa address.

19. At this point, as Deputy Lee was about to clear the area, Deputy Lee heard another CHP officer explain over the radio that the suspect vehicle was heading towards them. The officers then spotted the subject vehicle and entered the roadway and got behind the car.  From this angle, Deputy Lee could see that the license plate matched the license plate dispatch described earlier. Deputy Lee informed dispatch that he had the suspect vehicle going southbound on Highway 29 approaching Airport Road and the officers activated their Code 3 emergency lights and followed the vehicle.

20. At this point, the suspect vehicle sped up, swerved from lane 1 to lane 2, and drove up on the shoulder to pass other motorists, as he was speeding. The suspect vehicle turned right off of Highway 29 onto Airport Road as officers pursued.

21. The pursuit led them past the Sheriff's Department and towards the Napa Airport. As the vehicles approached the Airport, the suspect vehicle slowed down and made a right turn off of Airport Road onto a paved driveway.  Then, the suspect vehicle slowed as it came to a cyclone fence in front of it.  The suspect slowly drove his vehicle into the fence, but it did not break. Deputy Lee stopped his vehicle behind the suspect vehicle as he believed that the suspect vehicle would try to drive through the gate.

22. At this point, Deputy Lee observed the driver's side door open quickly.  Deputy Lee put his car into park and began to exit the vehicle because he saw Decedent exit the vehicle.

23. Deputy Lee then noted that Decedent was holding a long black gun and then realized that he was outmatched in terms of firepower.  Deputy Lee positioned himself behind his open driver's side door between the A pillar and the driver's door.  As the Decedent exited his vehicle, Decedent spun around to face Deputy Lee and Deputy Lee saw the Decedent come up with the long black gun. Deputy Lee yelled something at Decedent as Deputy Lee saw the Decedent

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

point the gun towards him and in response, Deputy Lee fired his firearm at Decedent due to the deadly threat presented.  Decedent spun around, dropped the gun, and fell to the ground near the front of his vehicle.  No further gunshots were fired.

24. Deputy Lee then continued to watch the suspect to make sure that he was no longer a threat as other officers were on route to the location.  Deputy Lee could not detect any more movement from the Decedent.

25. Other officers approached the Decedent and the vehicle as a group and made sure there was no one else in the car and/or Decedent was no longer a threat.  Shortly thereafter, Decedent's gun was secured and then soon after, Deputy Lee was taken to the Sheriff's Department to be sequestered.

26. Defendants deny all the remaining allegations in Paragraphs 14 through 26 of Plaintiff's FAC

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### (Against Defendant Deputy Lee)

27. In answering Paragraphs 27 through 32, Defendants incorporate by reference its responses to Paragraphs 1 through 26 of Plaintiff's FAC.

28. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 27 through 32 of Plaintiff's FAC.

## SECOND CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Against Defendant Deputy Lee)

29. In answering Paragraphs 33 through 38, Defendants incorporate by reference its responses to Paragraphs 1 through 26 of Plaintiff's FAC.

30. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 33 through 38 of Plaintiff's FAC.

///

///

///

ANSWER TO FIRST AMENDED COMPLAINT          5
FOR DAMAGES

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**THIRD CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death)**

**(Against all Defendants)**

31. In answering Paragraphs 39 through 45, Defendants incorporate by reference its responses to Paragraphs 1 through 26 of Plaintiff's FAC.

32. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 39 through 45 of Plaintiff's FAC.

**FOURTH CLAIM FOR RELIEF**

**Violation of Cal. Civ. Code § 52.1 and California Common Law**

**(Against Defendant Deputy Lee)**

33. In answering Paragraphs 46 through 52, Defendants incorporate by reference its responses to Paragraphs 1 through 26 of Plaintiff's FAC.

34. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 46 through 52 of Plaintiff's FAC.

**PRAYER FOR DAMAGES**

Defendants neither admit nor deny the allegations in the "Prayer for Damages" portion of the Plaintiff's FAC as this section includes contentions and legal matters not proper for admission or denial.

**AFFIRMATIVE DEFENSES**

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's FAC fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendants.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiff's FAC, Plaintiff and/or Decedent failed to mitigate

the amount of their damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on her part and/or Decedent's part or by one acting under similar circumstances. Plaintiff's and/or Decedent's failure to mitigate is a bar or limit to her recovery under her FAC.

4. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff and/or Decedent was the negligence and fault of the Decedent and/or others, or on the part of any person or entity for whose acts or omissions Defendants are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Decedent and/or others in and about the matters alleged in the FAC herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Decedent or others requires that any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attached to the Decedent and/or others.

5. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff and/or Decedent, by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Decedent as a result of the acts or omissions complained of herein.

6. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

7. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, Defendants are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

8. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, all actions taken by the Defendants (and/or any other officers named herein at any time) was/were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrine.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

9. AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

10. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the alleged acts or omissions of the Defendants (and/or any other officers named herein at any time), was/were based upon the officers' reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Decedent, and the Defendants used reasonable force to effect a detention and/or arrest to prevent the escape and overcome the resistance of the Decedent, and for the safety of the lives of themselves and others; and the Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

11. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

12. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by her, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

13. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the matters complained of by Plaintiff, if committed by the Defendants, were consented to by Decedent and/or Plaintiff.

14. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest of Decedent.

15. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil

ANSWER TO FIRST AMENDED COMPLAINT          8
FOR DAMAGES

Procedure.

16. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has no standing to bring this civil action and/or some of the claims alleged in this action.

17. AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

18. AS FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants were acting in good faith in respect to the acts and/or omissions alleged in the FAC.

19. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Decedent, himself, was violent, combative, threatening, and/or resistive towards the Defendant officers and the Defendant officers acted lawfully and/or in self-defense in relation to any claimed use of force.

20. AS AND FOR AN TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they reasonably relied upon dispatch reporting and other sources of information, in taking the action against Decedent, making their conduct reasonable and lawful under the circumstances.

21. AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

22. AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there are no lawful grounds for declaratory and/or injunctive relief, if any such claims are ever alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff take nothing by way of her FAC herein;

2. For costs of suit;

3. For attorney's fees;

ANSWER TO FIRST AMENDED COMPLAINT          9
FOR DAMAGES

4.   For such further relief as this Court may deem just and proper.


The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated:  October 26, 2021                    MCNAMARA, NEY, BEATTY, SLATTERY,
                                            BORGES & AMBACHER LLP


                                            By:  ___/s/ Blechman, Noah G._____
                                                 Noah G. Blechman
                                                 Attorneys for Defendants
                                                 COUNTY OF NAPA and GREGG LEE

MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330